# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-60952
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 6, 2014

Lyle W. Cayce
Clerk

MURUGAVEL JEYARAJAH,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 070 407

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Murugavel Jeyarajah, a native and citizen of Sri Lanka, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his application for asylum, withholding of removal and relief under the Convention Against Torture (CAT). Jeyarajah asserted that he was entitled to relief based on his status as a Tamil. The immigration judge (IJ) determined that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jeyarajah was not credible and had failed to credibly establish his entitlement to relief.  The BIA agreed and affirmed the IJ's decision.

Jeyarajah argues that the BIA and IJ erred in making an adverse credibility determination, erred in requiring corroborating evidence, and erred in determining that he was not entitled to relief under the CAT.  He also argues that the BIA made an impermissible fact finding in determining that he failed to show a "pattern or practice" of persecution of Tamils in Sri Lanka.

Because the BIA affirmed the IJ's decision based on the IJ's reasoning, we review the decisions of both the BIA and the IJ.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009); *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).

The record in this case reflects that Jeyarajah made numerous false statements during his credible fear hearing.  Even if there could be reasonable explanations for some of the discrepancies relied upon by the IJ in making her adverse credibility determination, Jeyarajah has failed to demonstrate that "from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted).  Further, because Jeyarajah was deemed not credible, it was not unreasonable that he prove his eligibility for asylum using evidence other than his own testimony.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Rui Yang v. Holder*, 664 F.3d 580, 585-87 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 2772 (2012).  Moreover, in light of the record, the IJ was not compelled to conclude that corroborating evidence was unavailable.  *See Rui*, 664 F.3d at 587.

As for his claim that the BIA engaged in improper fact finding, Jeyarajah did not raise this issue in the BIA either in a motion to reopen or a motion for reconsideration.  Accordingly, this court is without jurisdiction to consider the

No. 12-60952

issue.  *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 318-21 (5th Cir. 2009).

Finally, with respect to Jeyarajah's argument that the IJ and BIA erred in concluding that he was not eligible for relief under the CAT because they failed to consider his ethnic background, we note that relief was not denied on that basis.  Rather, the IJ determined that Jeyarajah was not credible and, as a result, had failed to establish that it was more likely than not that he would be tortured if he were returned to Sri Lanka.  The evidence does not compel a contrary conclusion.  *See Wang*, 569 F.3d at 537.

Accordingly, Jeyarajah's petition for review is DENIED.